IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIE SHANK,                         } | |
|                                       } | |
|     Plaintiff,                        } | |
|                                       } | |
| v.                                    } | Case No.: CV 02-P-3001-E |
|                                       } | |
| GEICO GENERAL INSURANCE               } | |
| COMPANY,                              } | |
|                                       } | |
|     Defendant.                        } | |

## MEMORANDUM OPINION

**I.   Introduction:**

Pending before the court are the following motions: Defendant GEICO General Insurance Company's ("GEICO") Motion for Summary Judgment (Doc. #9) filed on July 15, 2003, and Plaintiff Willie Shank Jr.'s Motion for Summary Judgment (Doc. #28) filed on March 30, 2004. On March 30, 2004, Plaintiff also filed a response to Defendant's Motion for Summary Judgment. On April 8, 2004, Defendant filed its response to Plaintiff's Motion for Summary Judgment. On April 15, 2004, Plaintiff refiled his brief in support of summary judgment pursuant to the Order entered on April 6, 2004, striking Plaintiff's original filing and requiring compliance with the court's Exhibit A.[1]

This case calls upon the court to answer the following question: under the facts of this case,

---

[1] In his refiling, Plaintiff still failed to adhere to the requirements of Exhibit A. More specifically, Plaintiff's brief does not chronologically respond to Defendant's statement of facts nor does it even adequately identify which, if any, of Defendant's facts he disputes. Moreover, the court has not independently found any record evidence that brings into question the facts set forth by Defendant. Accordingly, for the purpose of its analysis on summary judgment, the court has treated Defendant's proposed facts as undisputed.

is a passenger riding in his own car an insured under an uninsured motorist policy which covers the passenger's friend who was the driver of the car at the time of the accident? Because the court concludes that the passenger is not an insured under the subject policy, he cannot recover uninsured motorist benefits, and summary judgment is due to be granted in favor of the insurer.

## II.  Statement of Facts:

The facts are not in dispute. On January 1, 2001, Plaintiff was a passenger riding in his own car, a 1994 Ford Mustang, that was being driven by his friend, Marcus Johnson. (Compl. ¶ 2; Doc. # 33 at 2; Doc. #10 ¶ 4). Due to icy road conditions on I-20, Plaintiff and his friend slid off the road into a bridge. (Doc. #33 at 2). Plaintiff's friend exited the car, and Plaintiff remained inside. (*Id.*; Doc. #10 ¶ 7). Plaintiff's car was then hit by an uninsured drunk driver causing damage and injury to Plaintiff. (Doc. #33 at 2). Plaintiff's friend was not hurt as a result of this second accident.

Plaintiff sought and obtained uninsured motorist benefits under his policy of insurance by way of a settlement. (Doc. #10 ¶ 9). Plaintiff also sought to recover uninsured motorist benefits under the policy of insurance that was in the name of his friend's mother, Mary Johnson. (Compl.¶ 4; Doc. #10 ¶ 8). GEICO denied the claim on the basis that Plaintiff was not an "insured" or driving an "insured auto" under the policy, and therefore he was not entitled to recover uninsured motorist benefits. (Doc. #10 at 4). Plaintiff has sued for breach of contract and bad faith. (Compl.¶¶ 9-10).

## III.  Standard on Summary Judgment:

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking

for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

**IV.   Analysis:**

    **A.   Breach of Contract**

With respect to analyzing Plaintiff's status as an "insured" under the insurance policy in question, the contract sets forth a number of pertinent definitions. Under the GEICO policy, an

"insured" within the context of uninsured motorist coverage means:

 (a) the individual named in the declarations and his or her spouse if a resident of the same household [i.e., Mary Johnson];

 (b) **relatives** of (a) above if residents of his household [i.e., Marcus Johnson];

 (c) any other person while **occupying** an **owned auto** [i.e., an auto specifically identified in the GEICO policy];

 (d) any person who is entitled to recover damages because of **bodily injury** sustained by an **insured** under (a), (b), and (c) above.

(Doc. #11 at Ex. 1 at 10 ¶ 2) (emphasis in original). As it relates to subpart (c), the policy defines an "owned auto" as:

 (a) a vehicle described in this policy for which a premium charge is shown for these coverages;

 (b) a **trailer** owned by **you**;

 (c) **a private passenger**, **farm** or **utility auto**, ownership of which **you** acquire during the policy period or for which **you** enter into a lease during the policy period for a term of six months or more, if

  (i) it replaces an **owned auto** as defined in (a) above; or

  (ii) we insure all **private passenger**, **farm**, and **utility autos** owned or leased by **you** on the date of the acquisition, and **you** ask us to add it to the policy no more than 30 days later;

 (d) a **temporary substitute auto**.

(Doc. #11 at Ex. 1 at 3 ¶ 6) (emphasis in original). A "temporary substitute auto" is "an automobile or **trailer**, not owned by **you**, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the **owned auto** or **trailer** when withdrawn from normal use because of its breakdown, repair servicing, loss or destruction." (*Id.* ¶ 9) (emphasis in original).

 Plaintiff does not fall into any of these insured categories. Plaintiff is not the named insured

under the policy. Likewise, he is not a spouse or relative of the named insured. Moreover, Plaintiff's injuries did not occur in either an "owned auto" or a "temporary substitute auto" under the GEICO policy. Instead, Plaintiff's injuries took place while he was a passenger in his Ford Mustang. As Section IV of the GEICO policy explains, uninsured motorist coverage is for "damages for **bodily injury** caused by accident which the **insured** is legally entitled to recover from the owner or operator of an **uninsured auto** or **hit-and-run auto** arising out of the ownership, maintenance or use of that auto." (Doc. #11 at Ex. 1 at 10) (emphasis in original). Therefore, the policy does not provide uninsured motorist benefits to **any** person using **any** auto—the coverage is limited under these facts and does not extend to Plaintiff as a matter of law. *See* Doc. #11 at Ex. 1 at 10 ¶ 3 (defining "insured auto" in the uninsured motorist coverage section of the GEICO policy to exclude vehicles such as Plaintiff's Ford Mustang). Accordingly, GEICO's denial of Plaintiff's claim does not constitute a breach of contract.

Although not cited by either party, the court's reasoning fits squarely within the Supreme Court of Alabama's analysis in *State Farm Mutual Automobile Ins. Co. v. Faught*, 558 So. 2d 921 (Ala. 1990). In *Faught*, a driver's insurer filed a declaratory judgment action seeking a determination on whether it owed uninsured motorist coverage to an injured passenger under policies covering other vehicles owned by the driver and the driver's relative. 558 So. 2d at 922. In reversing the trial court and directing that judgment be entered in favor of the insurer on remand, the Supreme Court analyzed the passenger's status as an "insured" under the subject policies and determined that he did not fall into any of the covered categories. *Id.* at 923. More specifically, the court pointed out that the plaintiff was not named on any declaration page, was not the spouse or a relative of any person named in the declarations, and was not occupying a vehicle covered under the applicable policies.

9

*Id.* Plaintiff is akin to the passenger in *Faught*, not to the parties seeking to recover uninsured motorist benefits in *Shelter Mutual Ins. v. Barton*, 822 So. 2d 1149 (Ala. 2001) and *State Farm v. Jackson*, 462 So. 2d 346 (Ala. 1984), relied upon by Plaintiff. Accordingly, GEICO's denial of Plaintiff's claim does not constitute breach of contract as a matter of law, and it is entitled to summary judgment on Plaintiff's breach of contract claim.

### B.  Bad Faith

In its Motion for Summary Judgment, Defendant maintains that because it has demonstrated that summary judgment is proper on Plaintiff's breach of contract claim, it is also entitled to judgment as a matter of law on Plaintiff's claim of bad faith. To prove bad faith under Alabama law, a plaintiff must show:

> (a)  an insurance contract between the parties and a breach thereof by the defendant;
>
> (b)  an intentional refusal to pay the insured's claim;
>
> (c)  the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d)  the insurer's actual knowledge of the absence of any legitimate or arguable reason; [and]
>
> (e)  if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982). Also, for a plaintiff to even maintain a bad faith claim, he must be able to not only allege, but actually prove, a breach of the insurance policy:

> In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is

entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law. Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury.

*Insurance Co. of North Am. v. Citizens Bank*, 491 So. 2d 880, 883 (Ala. 1986).

Against this legal backdrop, Defendant has shown that it is entitled to summary judgment on Plaintiff's breach of contract claim. Accordingly, the evidence in this case is insufficient to permit Plaintiff's contract claim to go to a jury, much less to enter a judgment as a matter of law in his favor. Also, Plaintiff's bad faith claim is fatally flawed for the same reason that his breach of contract claim is not viable—Plaintiff is not an "insured" under the GEICO policy. Accordingly, summary judgment is due to be entered in favor of Defendant on Plaintiff's bad faith claim.

**V.     Conclusion:**

For the reasons explained above, Plaintiff's Motion for Summary Judgment is due to denied, and Defendant's Motion for Summary Judgment is due to be granted. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___17th___ day of December, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE